**NICHOL v. UNITED STATES.**

No. 45335.

Court of Claims.

Feb. 1, 1943.

J. C. Murphy, of Atlanta, Ga., for plaintiff.

Daniel F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D.C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

This is a suit to recover a portion of the income tax paid by plaintiff in 1936.

Upon the death of her father in 1920 the plaintiff inherited certain shares of stock in the Kimberly Clark Company.

F. J. Sensenbrenner, the vice president and manager of the company, had long been associated with her father in business. Plaintiff and her family had complete confidence in his friendship and integrity.

On November 6, 1926, upon the recommendation of Sensenbrenner, plaintiff sold to a brokerage firm 100 shares of the stock of the Kimberly Clark Company for $250 per share. On November 16, 1926, the stock was transferred to a third party and on December 2, 1926, it was transferred to Sensenbrenner. It developed that the stock was worth considerably more than the $250 per share.

On December 28, 1931, the plaintiff filed suit against Sensenbrenner in the Circuit Court for Winnebago County, Wisconsin, for the profits reaped and retained by him; that is, the difference between the actual value of plaintiff's stock at the time of its acquisition by Sensenbrenner and the price which had been paid the plaintiff by his agents, alleging that fraud and deception had been practiced on her.

The jury returned a verdict for plaintiff in the sum of $22,600. The trial court entered judgment for that sum, together with interest at the rate of 6% per annum from June 29, 1934, the date of the verdict. On appeal the Supreme Court of Wisconsin reformed the judgment allowing plaintiff interest at the rate of six per cent per annum from November 6, 1926. Interest computed on that basis amounted to $13,779.72, which, less the deduction of expense of collection, was reported in her income tax return for 1936. The tax was paid on that basis.

Plaintiff filed a timely claim for refund in the sum of $1,615.09 on the basis of two contentions; first, none of the proceeds of the judgment received in the year 1936 and reported was taxable income, regardless of the element of interest included therein; and, second, that if such proceeds were taxable at all, they should be taxed in their entirety as capital gain, because while a portion of the total amount recovered was designated as interest, the entire amount was in reality a judgment for damages.

We think the taxes were properly levied and collected by the Commissioner of Internal Revenue.

■ Clearly the gain realized in 1926 was taxable. In essence her suit was brought to recover additional unrealized gains to which she claimed she was entitled as of November, 1926. These additional gains, when she finally recovered them in 1936, had the same status as income as that portion of the 1926 payment which represented gain. Whether they be called damages or gains they represented gains.

■ We also think that the interest collected should be treated as income. A recent decision by the United States Supreme Court, Kieselbach v. Commissioner of Internal Revenue, 63 S.Ct. 303, 305, 87 L.Ed. ——, decided January 4, 1943, is controlling in this case. The facts are similar and the principle is the same.

In that case the Board of Estimate of the City of New York, pursuant to a charter provision, passed a resolution directing that upon January 3, 1933, the title in fee to a tract of realty should vest in the city. Condemnation proceedings, of which the resolution was a part, were instituted. The city took possession on the date named in the resolution and received all rents thereafter accruing. The Supreme Court of New York entered its final decree on March 31, 1937, allowing payment in the sum of $73,246.57 as compensation to the owners. The amount of said payment was computed by adding to the principal amount of $58,000, interest thereon at the rate of six per cent per annum from January 3, 1933 to May 12, 1937, in the sum of $15,246.57. The primary question was whether the interest should be treated for tax purposes as a portion of the capital gain, or as ordinary income.

In passing on this question the court, after quoting Section 22 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1657, 26 U.S.C.A. Int.Rev.Acts, page 825, makes the following comment:

"The sum paid these taxpayers above the award of $58,000 was paid because of the failure to put the award in the taxpayers' hands on the day, January 3, 1933, when the property was taken. This additional payment was necessary to give the owner the full equivalent of the value of the property at the time it was taken. Whether one calls it interest on the value or payments to meet the constitutional requirement of just compensation * * * is immaterial. It is income under Sec. 22, paid to the taxpayers in lieu of what they might have earned on the sum found to be the value of the property on the day the property was taken. It is not a capital gain upon an asset sold under Sec. 117 [26 U.S.C.A. Int.Rev.Acts, page 873]. The sale price was the $58,000.

"The property was turned over in January, 1933, by the resolution. This was the sale. Title then passed. The subsequent earnings of the property went to the city. The transaction was as though a purchase money lien at legal interest was retained upon the property. Such interest when paid would, of course, be ordinary income."

The plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.